IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| IN RE: NATIONAL HIGHWAY TRAFFIC SAFETY ADMINISTRATION, DEPARTMENT OF TRANSPORTATION, CORPORATE AVERAGE FUEL ECONOMY STANDARDS FOR PASSENGER CARS AND LIGHT TRUCKS FOR MODEL YEARS 2027 AND BEYOND AND FUEL EFFICIENCY STANDARDS FOR HEAVY-DUTY PICKUP TRUCKS AND VANS FOR MODEL YEARS 2030 AND BEYOND, 89 FED. REG. 52540, PUBLISHED ON JUNE 24, 2024. | No. 24-7001 (and consolidated cases) |

**STATUS REPORT**

The petitions for review in these consolidated cases challenge a rule issued by the National Highway Traffic Safety Administration (NHTSA) titled *Corporate Average Fuel Economy Standards for Passenger Cars and Light Trucks for Model Years 2027 and Beyond and Fuel Efficiency Standards for Heavy-Duty Pickup Trucks and Vans for Model Years 2030 and Beyond*, 89 Fed. Reg. 52,540 (June 24, 2024). On January 28, 2025, the Secretary of Transportation issued a memorandum directing NHTSA to "commence an immediate review and reconsideration of all existing fuel economy standards applicable to all models of motor vehicles produced from model year 2022 forward, including in particular" the 2024 rule at issue in this litigation. Memorandum from Secretary Sean Duffy to Office of the Administrator of NHTSA, *et al.* 3 (Jan. 28, 2025).[1] On

---
[1] Available at https://perma.cc/VVG2-C6D6?type=image.

February 3, 2025, the federal government respondents moved to hold these cases in abeyance. The Court granted that motion on February 14, 2025, and ordered the government to file periodic status reports.

In accordance with the Secretary's earlier memorandum, on June 11, 2025, NHTSA issued an interpretive rule that sets forth the agency's interpretation of relevant statutory provisions as "a foundation for resetting" both its "Corporate Average Fuel Economy" and "medium- and heavy- duty fuel efficiency programs." *Resetting the Corporate Average Fuel Economy Program*, 90 Fed. Reg. 24,518, 24,518 (June 11, 2025). Among other things—and as relevant here—the interpretive rule sets forth an interpretation of the "factors the agency is prohibited by law from considering when setting maximum feasible fuel economy standards." *Id.* NHTSA explains that the prior interpretation of the statute applied in the challenged rule is "inconsistent with a plain reading of section 32902(h)," which NHTSA now interprets to prohibit the agency from "consider[ing] the fuel economy of dedicated vehicles in any respect and at any point in the process of setting fuel economy standards." *Id.* at 24,522. NHTSA explained that the interpretive rule "lays the appropriate groundwork for standard-setting rulemakings" and that the agency "will reset" the standards set out in the challenged rule "[i]n light of the legal interpretation" recently announced. *Id.* at 24,525-24,526.

NHTSA is continuing to work on a rulemaking that proposes to revise the standards at issue in this litigation. These cases should remain in abeyance pending a conclusion of that rulemaking process.

Respectfully submitted,

/s/ *Thomas Pulham*
THOMAS PULHAM
JOSHUA M. KOPPEL
   *Attorneys, Appellate Staff*
   *Civil Division, Room 7323*
   *U.S. Department of Justice*
   *950 Pennsylvania Avenue NW*
   *Washington, DC 20530*
   (202) 514-4332

AUGUST 2025